FILED
JANUARY 5, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. HANSEL M. DEBARTOLO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| GENERAL AMERICAN LIFE INSURANCE COMPANY and INFORMATION RESOURCES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**08 C 91**

**JUDGE HOLDERMAN**
**MAGISTRATE JUDGE KEYS**

## COMPLAINT AT LAW

Now comes the Plaintiff, DR. HANSEL M. DEBARTOLO ("DeBartolo"), by and through his attorney, THE LAW OFFICES OF STUART P. KRAUSKOPF, and complains of Defendants, GENERAL AMERICAN LIFE INSURANCE COMPANY ("General"), and INFORMATION RESOURCES, INC. ("IRI"), as follows:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action to recover damages under the provisions of the Employment Retirement Income Security Act ("ERISA"), U.S.C. § 1132(a)(1)(B) and with respect to various other claims.

### II. THE PARTIES

1. Plaintiff is a physician licensed to practice in the State of Illinois and maintains a medical practice at 11 DeBartolo Drive, Sugar Grove, Illinois.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendants maintain, or maintained, a medical benefit plan ("Plan") and exercises, or exercised,

1

discretionary authority or control respecting the management of disposition of the assets, or has or had discretionary authority or responsibility in the administration of said Plan.

3. Plaintiff is informed and believes, and based thereon alleges, that the Plan is an Employee Welfare Benefit Plan covered by ERISA.

### III. JURISDICTION

4. Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. 1001 et. seq. and the doctrine of supplemental jurisdiction.

### IV. VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c).

### V. ALLEGATIONS

### COUNT I: VIOLATION OF ERISA: FAILURE TO PAY BENEFITS

6. Prior to rendering treatment to one of Plaintiff's patients, Roger Breisch ("Breisch"), Plaintiff contacted Defendants for the purpose of verifying that Breisch was covered under the Plan. Defendants verified such coverage.

7. Breisch thereupon assigned his rights to benefit payments under the Plan with respect to Plaintiff in consideration of which Plaintiff furnished medical treatment to Breisch (the "Assignment"). A true and correct copy of Breisch's assignment is attached hereto and incorporated herein as Exhibit A.

8. Defendants, General and IRI, also acknowledged the assignment made by Breisch by forwarding payments to Plaintiff totaling $3,357.00 for some of the medical services furnished by Plaintiff to Breisch. However, Defendants, General and IRI, denied the remaining claims made for treatment furnished to Breisch under the Plan.

9. The balance of the benefit payments due Plaintiff under the Plan with respect to medical services furnished to Breisch by Plaintiff totals $5,018.00 which Defendants, General and IRI, have failed and refused to pay to Plaintiff.

10. The failure and refusal on the part of the Defendants to pay such amounts to Plaintiff is contrary to the terms of the Plan and contrary to law.

11. As a direct and proximate result to the failure of the Defendants to pay such amount to Plaintiff, Plaintiff has been deprived of the benefit of such money and will continue to be so deprived in the future.

12. As a further direct and proximate result of the failure of the Defendants to pay such amount to Plaintiff, Plaintiff has been required to incur attorneys fees and costs to pursue this action, and is entitled to have such fees and costs paid by Defendants pursuant to 29 U.S.C. 1132(g)(1).

13. Plaintiff is informed and believes, and based thereon alleges, that the refusal to cause the Plan to pay said benefits to Plaintiff was, and is, in bad faith; that the Defendants are able to satisfy an award of attorneys fees; that an award of such fees would deter the Defendants and others from acting similarly under like circumstances; and that Plaintiff's claims is meritorious.

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

A. A judgment that Plaintiff is entitled to $5,018.00 from General and IRI under the Plan;

B.  An order directing the Defendants to pay all benefits assigned to Plaintiff by Breisch, together with interest thereon at the legal rate on such payments from the date such payments were due to be paid until the date such benefits are paid;

C.  Judgment in Plaintiff's favor, directing Defendants to pay Plaintiff punitive damages for Defendants' malicious and reckless indifference to Plaintiff's rights;

D.  Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

E.  Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

F.  Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just necessary to this Honorable Court.

## COUNT II: FAILURE TO PROVIDE INFORMATION

14.  Plaintiff restates and realleges the allegations contained in Paragraphs One through Thirteen, inclusive, as this Paragraph Fourteen, and incorporates each by reference as though each had been fully set forth herein.

15.  On or about November 20, 1998, Plaintiff requested of Defendants, in writing, to furnish Plaintiff with information regarding the Plan pursuant to 29 USC § 1132 (c). A copy of said request is attached hereto and incorporated herein by this reference as Exhibit B.

16.  Defendants failed or refused to respond to the aforesaid request or to furnish any information of the type requested to Plaintiff.

17.  Pursuant to 29 USC § 1132 (c)(1), a plan administrator is subject to fines if the plan administrator violates 29 USC § 1024 (b)(4), which requires that:

4

the administrator shall, upon request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated.

18.  Plaintiff is informed and believes, and based thereon alleges, that he has standing to sue under 29 USC § 1132 (c)(1), by virtue of the assignment of benefits he has entered into with Hart.

**WHEREFORE,**  Plaintiff prays for relief against Defendants as follows:

A.  A declaration that Plaintiff is entitled to all information regarding the Plan required to be made available to participants in the Plan under ERISA;

B.  An order directing Defendants to furnish Plaintiff with all information regarding the Plan required to be made available to participants in the Plan under ERISA;

C.  That Defendants be directed and ordered to pay to Plaintiff a discretionary award of $115 per day for each day since November 20, 1998, that Defendants failed or refused, and continue to fail or refuse, to furnish such information to Plaintiff;

D.  Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

E.  Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

F.  Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just and necessary to this Honorable Court.

Pursuant to Federal Rule 38(b), Plaintiff demands trial by jury.

Respectfully submitted,

s/STUART P. KRAUSKOPF
Stuart P. Krauskopf

Stuart P. Krauskopf
Michael A. Schnitzer
Lindsay M. Malitz
The Law Offices of Stuart P. Krauskopf, P.C.
30 North LaSalle Street
Suite 3124
Chicago, Illinois 60602
312-377-9592
Atty. No. 41590

# EXHIBIT A

**DR. H.M. DEBARTOLO, JR., M.D., J.D.**
11 DEBARTOLO DRIVE
SUGAR GROVE, IL 60554
(630) 859-1818
FAX: (630) 859-1830

NAME: Roger Breisch

DATE: 1/13/98

I assign my medical benefits and rights from:

General American Life Insurance Company
(Insurance Company)

To Dr. H.M. DeBartolo Jr., M.D., J.D., for services rendered.

_Roger Breisch   Judith Breisch_
Signature

# EXHIBIT B

**HANSEL M. DEBARTOLO, JR., M.D., J.D.**
11 DeBartolo Drive
Sugar Grove, Illinois 60554
630-859-1818
Fax: 630-859-1830

November 20, 1998

Plan Administrator
Great American Life Insurance Company
719 Teaco Rd.
Kennett, MO 63857

    RE. Roger Breisch
    SS#: 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

Dear Plan Administrator,

I am requesting a copy of all pertinent insurance documents so that I might determine for myself what should be properly covered.

Sincerely,

*[signature]*
DeBartolo Clinic

Dr. H. M. DeBartolo Jr., M.D., J.D.